# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 4, 2011

No. 10-50336
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JAMIL CHERRY,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:06-CR-35-1

Before BARKSDALE, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Jamil Cherry appeals his 24-month sentence imposed following revocation of his supervised release. In 2006, he pleaded guilty to unlawfully possessing a firearm following a felony conviction, in violation of 18 U.S.C. § 922(g)(1), and was sentenced to 30 months' imprisonment and three years' supervised release. His supervised release began in January 2008. In March 2010, Cherry pleaded true to allegations of violating: conditions of his supervised release, by repeatedly failing to report to the United States Probation Office (within 72

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

hours of his release and monthly thereafter); and Texas law, by possessing marijuana and a controlled substance. The district court revoked his supervised release and sentenced him within the two-year statutory maximum, *see* 18 U.S.C. §§ 924(a)(2), 3559(a)(3), 3583(e)(3), and within the range of 21 to 24 months' imprisonment, as advised by advisory Sentencing Guidelines' policy statements. *See* TEX. HEALTH & SAFETY CODE § 481.115; TEX. PENAL CODE §12.35(a); U.S.S.G. §§ 7B1.1(a), 7B1.4(a), (b)(3)(A), p.s.

As in district court, Cherry challenges the reasonableness of his sentence, contending it is greater than necessary to achieve the sentencing goals of 18 U.S.C. § 3553. In that regard, Cherry maintains his sentence: should reflect his violation of the trust of the court rather than punish him for his criminal offenses; and should have been lowered to reflect the year he served in jail for the State criminal offenses that triggered the revocation of supervised release.

Pre-*Booker*, sentences imposed upon revocation of supervised release were upheld unless "in violation of the law or plainly unreasonable". *United States v. Jones*, 484 F.3d 783, 791 (5th Cir. 2007) (internal quotation marks omitted). Following *Booker*, sentences are reviewed for reasonableness under the abuse-of-discretion standard. *United States v. Mondragon-Santiago*, 564 F.3d 357, 360 (5th Cir.), *cert. denied*, 130 S. Ct. 192 (2009). The question of which standard applies to revocation of supervised release post-*Booker* has resulted in a circuit split.

Finding a more deferential standard of review appropriate, our court held recently that, post-*Booker*, the plainly-unreasonable standard is to be applied for reviewing supervised-release revocation. *United States v. Miller*, No. 09-11063, 2011 WL 692988, at *1 (5th Cir. 1 Mar. 2011). Under this standard, we first consider "whether the district court procedurally erred before we consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard". *Id.* at *2 (citation and internal quotation marks omitted). "If a

sentence is unreasonable, then we consider whether the error was obvious under existing law." *Id.*

Cherry does not assert procedural error. The district court's refusal to accede to Cherry's request that he be credited for time served in jail was consistent with the preference for consecutive sentences in Guidelines policy statement § 7B1.3(f). *E.g.*, U.S.S.G. § 7B1.3(f), p.s. ("Any term of imprisonment imposed upon the revocation of . . . supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving . . . ."). In the light of Cherry's numerous violations of the conditions of his supervised release, and his high criminal-history category, Cherry's within-Guidelines sentence was not plainly unreasonable.

AFFIRMED.